# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEREMY SCOTT SEVILLE,** | : |
| Plaintiffs | : CIVIL ACTION NO. 3:22-0380 |
| v. | : (JUDGE MANNION) |
| **C.O. HOEY,** *et al.*, | : |
| Defendants | : |

## MEMORANDUM

### I. Background

On March 15, 2022, Plaintiff, Jeremy Scott Seville, an inmate confined in the Franklin County Prison, Chambersburg, Pennsylvania filed the above captioned civil rights action pursuant to 42 U.S.C. §1983 (Doc. 1). The named Defendants are three correctional officers employed at the Franklin County Prison. Id. Plaintiff seeks compensatory and punitive damages for an alleged assault at the Franklin County Prison. Id.

On June 13, 2022, Defendants filed a motion to dismiss, and on June 27, 2022, Defendants filed a supporting brief. (Docs. 14, 15). To date, Plaintiff has failed to file a brief in opposition to Defendants' motion.

By Order dated August 9, 2022, Plaintiff was directed to file a brief in opposition to Defendants' motion. (Doc. 18). No brief in opposition was filed. By Order dated February 2, 2023, this Court directed Plaintiff to show cause

as to why the above captioned action should not be dismissed pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute. (Doc. 19).

On February 14, 2023, this Court's February 2, 2023 Order was returned to the Court marked "return to sender" and "unable to forward", noting that Plaintiff had been "released" and the prison was "unable to forward." (Doc. 20). Thus, for the reasons that follow, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute and to comply with a Court Order.

## II. Discussion

On March 15, 2022, Plaintiff was provided with this Court's Instructions for Filing a Complaint by a *Pro Se* Plaintiff. (Doc. 4-2). It informed Plaintiff of the following with regard to a change of address notice:

> Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

Id. Plaintiff has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Court is unable to communicate with Plaintiff at his address of record.

Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the Poulis factors is unnecessary. See Iseley, 216 F. App'x at 255 (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994)); see also Williams v. Kort, 223 F. App'x 95, 103 (3d Cir. 2007).

Plaintiff's last communication with this Court was Plaintiff's April 21, 2022, motion for appointment of counsel. (Doc. 8). Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. See Poulis, 747 F.2d at 868-69.

### III. Conclusion

For the foregoing reasons, the Court will dismiss the above captioned action with prejudice for failure to prosecute and to comply with this Court's Local Rule 83.18.

An appropriate order shall issue.

*[signature]*

**MALACHY E. MANNION**
**United States District Judge**

Dated: February 16, 2023
22-0380-01